USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/22/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDY CHRISTIAN PERCIVAL,

                Plaintiff,

-against-

KELLEY ZIMMERMAN; JOANNE MULLIN;
ROBERT ADAMS; SYLVIA SULLIVAN;
TERRI GROVER,

                Defendants.

23-CV-1303 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

    Plaintiff paid the fees to bring this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her employer discriminated against her based on her race and disability. The complaint could also be construed as asserting a race discrimination claim under 42 U.S.C. § 1981. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that where a pro se plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint").

A. **Axion HealthCare LLC**

    In light of Plaintiff's *pro se* status and clear intention to assert claims against her employer, the Court construes the complaint as asserting claims against Axion HealthCare LLC, and directs the Clerk of Court to amend the caption of this action to add Axion HealthCare LLC

as a defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses that Axion HealthCare LLC may wish to assert.

**B.    Order of Service**

The Clerk of Court is directed to issue a summons as to Defendants Axion HealthCare LLC, Kelley Zimmerman, Joanne Mullin, Robert Adams, Sylvia Sullivan, and Terri Grover. Plaintiff is directed to serve the summonses and complaint on Defendants within 90 days of the issuance of the summons. If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

Dated:   February 22, 2023
         New York, New York

ANALISA TORRES
United States District Judge