UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDY CHRISTIAN PERCIVAL,

                Plaintiff,

    -against-

KELLEY ZIMMERMAN, *et al.*,

                Defendants.

23-CV-1303 (AT) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

    The Court is in receipt of Plaintiff's emails dated May 11, 2023, at 7:36 p.m. and May 11, 2023, at 11:12 p.m. (ECF Nos. 13 and 14). The Court is additionally aware of a third email sent to Judge Torres' chambers on May 12, 2023. (ECF 15). The Court construes these emails as motions for reconsideration of the Court's order transferring the case to the Eastern District of Pennsylvania. (ECF 12). Accordingly, the Clerk of Court is respectfully directed to **STAY** transfer of this case to the Eastern District of Pennsylvania until **June 2, 2023**.

    The Court's Order to Show Cause explained that although Plaintiff claims that she applied for the job "in" New York, she worked remotely from her Florida home, and she does not provide any facts indicating that any unlawful employment practices occurred in New York, or that she would have worked in New York but for the unlawful employment practices. Additionally, attachments to Plaintiff's complaint indicate that Plaintiff's employer's principal office is in Pennsylvania. (*See* ECF 10). Because Plaintiff does not reside in New York, the individual defendants are not located here, and the relevant events do not appear to have occurred here, this Court does not appear to be a proper venue for Plaintiff's case. Instead, the

Eastern District of Pennsylvania appears to be the proper legal venue for Plaintiff's case, and in Plaintiff's email dated May 10, 2023, Plaintiff agreed to the transfer.[1]

However, Plaintiff now seeks to "rescind" her agreement to the transfer. (ECF 13). The Court reminds Plaintiff that **transfer of the case to a different district court does not mean that the case is closed for all purposes** – it only means that the case is taken out of the Southern District of New York and instead litigated in the federal court in the Eastern District of Pennsylvania. Once her case is transferred to that Court, that Court will handle her case, and give instructions and orders on how best to move her case along. Cognizant of the fact that Plaintiff is *pro se*, the Court will keep the case in the Southern District of New York to allow Plaintiff to state her arguments for why it should not be transferred to the Eastern District of Pennsylvania.

By **May 26, 2023**, Plaintiff shall file a letter on the docket, either 1) explaining to the Court why the case should stay in the Southern District of New York, **even though neither she nor the individual defendants are located in New York**; or 2) informing the Court of her agreement to transfer the case to the Eastern District of Pennsylvania, which appears to be the proper forum for the case.

The Court additionally reminds Plaintiff that pursuant to its Individual Practices, available at https://www.nysd.uscourts.gov/hon-ona-t-wang, **all communications to the Court must be publicly filed on the docket and are NOT to be made via email or phone.**

---

[1] Specifically, Plaintiff stated in her email "I do not hesitate to accept that my case [*sic*] transferred to the Eastern District of Pennsylvania. . ." (ECF 11).

Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Clinic for *Pro Se* Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the Court. It cannot accept filings on behalf of the Court, which must still be made by any *pro se* party through the *Pro Se* Intake Unit.

To receive limited-scope assistance from the clinic, parties may complete the clinic's intake form on their computer or phone at: https://tinyurl.com/NYLAG-ProSe-OI. If parties have questions regarding the form or they are unable to complete it, they may leave a voicemail at (212) 659-5190. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. A copy of the flyer with details of the clinic is attached to this order.

The Court further notes that the federal court for the Eastern District of Pennsylvania has a webpage providing information to litigants proceeding without an attorney. The webpage can be found at https://www.paed.uscourts.gov/pro-se.

**SO ORDERED.**

Dated: May 12, 2023
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

# NYLAG
New York Legal Assistance Group

# Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 | https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&



a beneficiary of UJA Federation of New York